UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.: 8:25-cr-387-VMC-NHA

TERRELL BAILEY-CORSEY

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/

## ORDER OF RELEASE

The Defendant moves to reopen his detention hearing and for an order setting reasonable conditions of release. Doc. 14. After reviewing the record and holding a hearing on the matter, I grant the motion. I find that the United States has failed to present clear and convincing evidence that no conditions can reasonably ensure the safety of the community, or to present a preponderance of evidence that no conditions can reasonably ensure the Defendant's future appearance in Court, if released.

## BACKGROUND

On July 17, 2025, days after the Defendant posted inflammatory online statements about his desire to physically attack various government officials, the United States charged him by complaint with violating 18 U.S.C. § 875(c), which prohibits transmitting a true threat in interstate commerce. Doc. 1. When federal agents confronted the Defendant about the statements, he acknowledged that he had made them, expressed remorse, explained that he

did not actually want to hurt anyone, and asked the agent to write an apology on his behalf that said. "Everybody I apologize for any words that I said. My actions were stupid and I will never do that again. Next time I get incoherently angry I will talk to someone instead of posting something."

The Defendant is 31 years old. Doc. 8, p. 1. He spent years of his childhood in the Middle District of Florida, where he returned in 2021. *Id.* He currently lives alone in Palmetto, Florida, and works at a restaurant. *Id.* pp. 1-2. Much of his family lives in the northeastern United States. *Id.* Prior to this case, the Defendant had never been arrested or convicted of any crime, never failed to appear in court, and never violated a condition of probation or release. *See* Doc. 8. He had, however, struggled with mental health afflictions, experimented with mushrooms (and, on one occasion, with LSD), and developed a pattern of marijuana and alcohol use. *Id.* p. 3.

Following his arrest, the Defendant had a bail hearing at which the United States sought his detention. *See* Docs. 6, 7, 9. Pretrial Services recommended that he be released. Doc. 8, p. 5. The Defendant proposed that he be released to any number of proposed third-party custodians. However, because the proposed custodians resided outside of the Middle District of Florida, none were able to attend the hearing. The Court therefore lacked information sufficient to determine if appropriate release conditions were available, and detained the Defendant. Doc. 10. However, the Court invited the

Defendant to present additional information about his proposed third-party custodians at a later date.

Thereafter, the Defendant was charged by indictment with two counts of violating 18 U.S.C. § 875(c). Doc. 16. Each count alleges that the Defendant posted an online communication, on July 15, 2025, threatening a government official or former government official. Doc. 16. Each count carries a potential prison sentence of up to 5 years. 18 U.S.C. § 875(c).

On August 7, 2025, after speaking with various potential custodians, the Defendant moved to reopen the detention hearing to propose that he live with his grandfather (a former federal government employee) and his grandmother (a counselor with a degree in psychology), in New Jersey. Doc. 14, p. 2. The Defendant said they were willing to come to the hearing, fly home with the Defendant (if he were released), serve as his third-party custodians, house him, and post a bond secured by their $300,000 home on his behalf. Doc. 14, pp. 2-3. The Defendant also proposed additional restrictive release conditions, including home detention with location monitoring, participation in substance abuse and mental health counseling, prohibition on the use of drugs and alcohol, and significant restrictions on his use of the internet. *Id.* pp. 3-4. The United States opposed the motion.

I held a hearing on August 20, 2025. At the hearing, the Defendant's grandmother, Pauldenette Bailey, appeared. She stated that the Defendant

had lived with her in 2019, after his mother died and while his grandfather was receiving chemotherapy treatment. She acknowledged that the Defendant was angry and required mental health treatment. But she said she was comfortable having him in her home. She explained that the Defendant had never been in trouble before, had been frightened by his federal charges, and understood the need to—and was committed to—following the Court's orders. Mrs. Bailey was comfortable risking the equity in her home on her belief that the Defendant would abide the Court's conditions. I found Mrs. Bailey to be credible, as well as willing and able to ensure that the Defendant abided the Court's conditions.

The Defendant further presented evidence that, upon being detained, he promptly began taking advantage of programs designed to assist him with his anger. *See* Def. Ex. 2. He completed four courses, comprising 18 learning hours. *Id.* They included "Anger Management," "Learn Your Strengths from Shining Light," "Navigating Conflict," and "The Power of Mindfulness." *Id.*

Finally, the Defendant proposed that he would abide the restrictive conditions proposed in his motion, would consent to a condition that Pretrial Services preapprove his use of the internet, and would waive his Fourth Amendment right to allow Pretrial Services to search all of his electronic devices at its request.

The United States argued that the proposed conditions were insufficient to outweigh the danger posed by the tenor of the threats, the weight of the evidence, and the Defendant's anger issues. They also expressed concern that the age of the Defendant's grandparents caused concern for their ability to supervise him.

## ANALYSIS

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act creates such exceptions. *Id.* The Act authorizes the Court to hold pretrial detention hearings for certain defendants. *See* 18 U.S.C. § 3142(f). For some defendants, the Act creates a presumption that the defendant should be detained pending trial. *Id.* §§ 3142(e)(2), 3142(e)(3).

The Defendant is charged with making two online threats. Doc. 16.  The crime carries a potential sentence of 5 years in prison (18 U.S.C. § 875(c)) and no presumption of detention (*see* 18 U.S.C. § 3142(e)(2) and (3). Thus, it is the United States' burden to demonstrate that no combination of conditions could reasonably assure the safety of the community or the future appearance of the Defendant upon his release.

The Court examines certain enumerated factors in determining whether the Defendant's release poses a risk of danger or flight. 18 U.S.C. § 3142(g).

**Nature and Circumstances of the Offense.** The charged offenses do represent graphic, ugly, and angry threats of violence that give the Court considerable concern. This concern is tempered somewhat, however, by the fact that these threats were posted online from a location far away from the victims to whom they were directed. The Court also notes that the offenses carry no presumption of detention and a relatively minor potential prison sentence.

**The Weight of the Evidence.** The evidence demonstrating that the Defendant made the threats is strong. He posted a video of himself making them and admitted that he did so. However, the Defendant argues that the evidence that the statements constituted true threats is less strong, given the medium in which they were transmitted, the Defendant's remote proximity to the victims, and his subjective intent.

**The History and Characteristics of the Defendant.** The Defendant has a history of drug and alcohol use and has had significant mental health events. Doc. 8, p. 3. That said, notwithstanding those problems, the 31-year-old Defendant has no criminal history whatsoever, no prior failure to appear in court, and no failure to abide court orders. He has a job and a home. He has many family members willing to serve as custodians. And, his grandparents appear quite supportive and committed to ensuring he gets the help and treatment he needs to abide the Court's conditions.

**The Nature and Seriousness of Danger to Any Person or the Community.** While I find the nature of the Defendant's statements to be truly disturbing, I find that he is unlikely to seek to carry them out. His threats lie against government officials, far from him, who are well protected. He has no special resource, skill, or access that would suggest he might execute any threat. And, I find that restrictive conditions can further limit any ability or opportunity he might have to do so.

I acknowledge the United States' concerns about the nature of the Defendant's statements. I also acknowledge that this motion presents a close question about which reasonable minds might differ. However, after considering and weighing all the factors in 18 U.S.C. § 3142(g), I find that the United States has failed to present clear and convincing evidence that the Court's proposed conditions of release would be insufficient to reasonably ensure the safety of the community. I further find that the United States has failed to demonstrate by a preponderance of the evidence that the conditions cannot reasonably ensure the Defendant's future appearance in Court.

## CONCLUSION

After reviewing the record, listening to counsel's arguments, and hearing Mrs. Bailey's testimony, and for the reasons stated above and at the hearing, I find that the conditions of release entered by the Court can reasonably ensure the Defendant's future appearance in Court and the safety of the community.

7

**DONE** and **ORDERED** in Tampa, Florida, on August 20, 2025.


NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Counsel of Record
United States Pretrial Services
United States Marshals Service

8